SAMUEL KETTELLE, Collector, *vs.* WARWICK & COVENTRY
WATER CO.

PROVIDENCE—NOVEMBER 12, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

| 24 | 485 |
| 28 | 578 |
| 28 | 580 |

(1)  *Taxes.   Suit to Recover Tax.   Assessment.   Pleading and Practice.
Declarations.*

Gen. Laws cap. 48, § 26, provides that "The collector of any tax may re-
cover the amount thereof in an action of the case against the person
taxed, and in the declaration it shall be sufficient to set forth that
the action is to recover a specified sum of money, being a tax assessed
against the defendant, specifying the town in which said tax was assessed
and the time of ordering and assessing the same."

An action brought to recover a tax alleged in one count that the tax was
assessed against the defendant, it having been ordered on the fourth
day of June, 1900, assessed on the 4th and 5th days of September, 1900,
and ordered to be due and payable on and after the 15th day of Novem-
ber, 1900.

A second count set out that said tax was validated and legalized by two acts
of the General Assembly, setting them out by title.   On demurrer :—   ·

*Held,* that it was only requisite that the work of making the assessment
should be done within the time limited therefor by the vote of the town
directing the assessors when to make the assessment.

*Held,* further, that it would be regarded as taking effect on the last day
of the assessment ; this fixing a definite time and fully meeting the re-
quirements of the statute.

*Held,* further, that the declaration stated a case under the statute.

(2)  *Assessment of Taxes.   Validating Assessment.*

*Held,* further, that the declaration was not bad in not alleging the partic-
ulars in which the tax was validated by the acts of the General Assem-
bly, the acts themselves clearly specifying as to said particulars.

TRESPASS ON THE CASE under Gen. Laws cap. 48, § 26.
Heard on demurrer to declaration, and demurrer overruled.

TILLINGHAST, J.   The plaintiff brings this action, in his offi-
cial capacity of collector of taxes of the town of West Green-
wich, to recover a tax of $750, with accrued interest thereon,
which tax was assessed by said town against the defendant
corporation in September, 1900.

The action is brought under Gen. Laws R. I. cap. 48, § 26,   ·
which provides as follows :   "The collector of any tax may

recover the amount thereof in an action of the case against the person taxed, and in the declaration it shall be sufficient to set forth that the action is to recover a specified sum of money, being a tax assessed against the defendant, specifying the town in which said tax was assessed and the time of ordering and assessing the same."

The first count in the declaration sets out that said tax was assessed against the defendant by said town, it having been ordered on the 4th day of June, 1900, assessed on the 4th and 5th days of September, 1900, and ordered to be due and payable on and after the 15th day of November, 1900.

The second count sets out that the action is brought to recover the sum of $750, with interest thereon from the first day of January, 1901, being a tax assessed against the defendant by said town, the tax having been ordered on the 4th day of June, 1900, assessed on the 4th and 5th days of September, 1900, and ordered to be due and payable, as aforesaid. It also sets out that said tax was validated and legalized by two acts of the General Assembly, one of which acts was passed at the January session, 1901, the same being chapter 904 of the Public Laws, and the other of which acts was passed at the November session, 1901, the same being chapter 944 of the Public Laws.

The defendant has demurred to the plaintiff's declaration, on the grounds : (1) That neither of the counts states a cause of action, in that in neither of them is the time of assessing the tax specified ; and (2) That in neither of them is the time of ordering and assessing said tax specified. A further ground of demurrer to the second count is that the substantial facts necessary to constitute a cause of action are not stated with substantial certainty, in that it is not alleged in what particulars the said tax was validated and legalized by the acts of the General Assembly referred to, and also that the plaintiff does not allege or specify what defects existed in regard to the assessment of said tax which were validated by the said acts, and does not state the facts from which it may appear that the defects which existed in said tax have been validated and legalized by said acts.

The first and second grounds of demurrer may properly be considered together. And the question raised thereby is as to the particularity which is necessary to the validity of a tax in the fixing of the time of ordering and assessing the same.

General Laws R. I. cap. 46, § 1, provides that the electors of any town qualified to vote on a proposition to impose a tax, etc., may levy the same, and may order the time when it shall be assessed and when it shall be paid ; and section 2 directs the town assessors to assess the tax so ordered under such rules and regulations as the towns and city councils, respectively, shall prescribe.

Defendant's counsel strenuously urges that the statute aforesaid, requiring the plaintiff to specify in his declaration the time of ordering and assessing the tax, must be *very strictly* construed. In his brief he says : " The statute means a definite, specific time, that a tax-payer may know for what specific property he is taxable, and also, that he may insist that all other tax-payers be assessed for all ratable estate owned by them *at the same time* that he himself is assessed. The persons and property subject to taxation are quite different on different days. When was the tax assessed on the defendant ? Was it September 4th or September 5th ? What persons or property were taxable at the same time the defendant was assessed ?"

In his oral argument counsel goes even further, and insists that, in view of the changes which are constantly taking place in the ownership of property, the precise hour and minute of making the entire assessment of a town or city tax should be fixed in order to render it valid. In other words, his contention, as we understand it, is that all the taxable property in a city or town must be actually valued and assessed on a given day and at a given hour of that day, in order to comply with the requirements of the statute. We think it is clear that such an unreasonable and practically impossible requirement was never intended to be rendered necessary by the General Assembly in the enactment of the statute in question. See *McAdam* v. *Honey*, 20 R. I. 351. And, so far as we are aware, no such construction has ever been put upon it or even claimed for it heretofore. Assessors of taxes, like other people,

can only do one thing at a time.   After a tax is ordered, and the time fixed within which it is to be assessed, and after no tice has been given to all persons liable to taxation to bring in an account of their ratable estate as required by Gen. Laws R. I. cap. 46, § 6, the assessors proceed to examine and value the ratable property of the town, considering that of A., B., and C. on a given day, that of D., E., and F. on the following day, and so on until they complete their assessment, when, in pursuance of Gen. Laws R. I. cap. 46, § 20, they date and sign their assessment roll and deposit it in the office of the town clerk.   That they must have a reasonable time within which to do their work, goes without saying.   And the mere fact that during such time changes are constantly going on in the ownership of property, as is, and from the nature of things always must be, the case, cannot reasonably be held to invalidate a tax assessed within the time limited therefor.   The wheels of trade and commerce, and the business affairs of everyday life, cannot come to a standstill for the accommodation of the tax assessors on the one hand, nor can they, on the other hand, be required to follow the ever-changing holdings of property during the time in which they are assessing a tax for a given year.   All that they are required to do is to assess the tax within the time fixed by the town.

(1)    Of course the entire assessment, when completed, must take effect as of a given day, in order that it may be known when the period covered by the annual tax ends and the period for the assessment of another annual tax may commence.   But as to the doing of the *work* of making the assessment, it is not necessary, nor is it practically possible, as already intimated, that it should be done on any particular day ; and the statute only requires that it should be done within the time limited therefor by the vote of the town directing the assessors when to make the assessment.   In the case at bar it appears from the declaration that the assessment of the town tax only occupied two days, which was certainly not an unreasonably long time for the doing of the work.   It was commenced on the fourth and completed on the fifth day of September, 1900, and we think it must therefore be held that the entire assessment

took effect on the last-named day. This is a definite time, and fully meets the requirement of the statute.

In speaking of the "Date of the Assessment," Mr. Cooley, in his work on taxation, page 354, says:

"The customary regulation is that the assessment shall be made or completed on a certain day, or that it shall be made as of a certain day. This fixes the liability of persons and property to taxation for the year. There are some inconveniences and inequalities resulting from this, but some regulation of the kind is indispensable. A force of tax officers cannot be kept employed for the year in watching the transfers of property, the movements of persons, and vicissitudes of business, in order to equalize the charges upon them. Periodical assessments, if they produce injustice in one case, may correct it in the next, and, on the whole, are likely to be fair. At any rate, they constitute the best regulation the law can establish." He then quotes from the opinion of the court in the case of Shaw v. Dennis, 10 Ill. 405, as follows: "In the imposition of taxes, exact and critical justice and equality are absolutely unattainable. If we attempt it we might have to divide one year's tax upon a given article of property among a dozen different individuals who owned it at different times during the year, and then be almost as far from the desired end as when we started. The proposition is Utopian. The legislature must adopt some practicable system. And this practicable system," the author then proceeds to say, "is found to be the one which has been indicated. Every person is therefore to be taxed for the year upon his personalty estimated as of the time of the assessment, and every parcel of real estate according to its value as set down in the proper list or roll. Changes in the ownership of property, or in the value after the periods of assessment, cannot be taken notice of in taxation until the time for a new assessment has arrived."

Finally, we fail to see wherein the declaration in the case at bar fails to comply with the requirements of the statute first above quoted. It sets forth that it is an action to recover a specific sum of money, being a tax assessed against the defendant; and it specifies the town in which the tax was assessed,

and the time of ordering and assessing the same.    We think such allegations constitute a good declaration under the statute.

(2)    As to that part of the demurrer which goes to the sufficiency of the declaration in not alleging the particulars in which the tax was validated by the acts of the General Assembly referred to, we think it is enough to say that the acts themselves clearly specify as to said particulars, and hence we see no occasion for repeating the same in the declaration.
. The demurrer is overruled.                            '

*George T. Brown and E. J. Rathbun*, for plaintiff.
*John J. Arnold*, for defendant.